# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9979 | **DATE** | 5/16/2002 |
| **CASE TITLE** | Krzalic et al vs. Republic Title Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 6-1) to dismiss is granted. We dismiss the complaint in its entirety.
(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEDZAD KRZALIC and )
DANIJELA KRZALIC, )
)
Plaintiffs, )
)
vs. ) 01 C 9979
)
REPUBLIC TITLE COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion to dismiss of Defendant Republic Title Company ("Republic") pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiffs Nedzad and Danijela Krzalic ("the Krzalics") bought a condominium in September 2001. Republic was the closing agent for the transaction. In connection with the closing, Republic charged the Krzalics $75 to record the mortgage and release, even though the County Recorder charges only $59 to record those two documents. Republic then retained the $16 difference. The Krzalics filed suit, contending that

Republic's actions violated § 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. §§ 2601-2617. The complaint also includes two state law claims.

Republic now moves to dismiss the RESPA claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and the state law claims pursuant to Fed. R. Civ. Proc. 12(b)(1).

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

Jurisdiction is the "power to decide" and must be conferred upon a federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). Pursuant to Fed. R. Civ. Proc. 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. Kontos v. Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). With these principles in mind, we turn to Republic's motion.

## DISCUSSION

The specific provision at issue in this case, § 8(b), and its implementing regulation, Regulation X, state that providers of settlement services cannot split any fee or charge other than for services actually rendered during the settlement process. 12 U.S.C. § 2607(b), 24 C.F.R. § 3500.14(c). According to the Seventh Circuit, a violation of this section must involve a division of unearned fees or charges by at least two parties; it does not include overcharging by a single party. Echevarria v. Chicago Title & Trust, 256 F.3d 623, (7th Cir. 2001); see also Durr v. Intercounty Title Co., 14 F.3d 1183 (7th Cir. 1993); Mercado v. Calumet Fed. Sav. & Loan Ass'n, 763 F.2d 269, 270-71 (7th Cir. 1985). The Krzalics disagree with this interpretation and argue that Republic's actions are indeed illegal under § 8(b) and Regulation X. They look in part to a sentence within Regulation X that in isolation supports their interpretation.

However, the Court of Appeals rejected this argument, concluding that, when read in context of the entire regulation, the amendment did not dictate a departure from the line of precedent established in Durr and Mercado. Echevarria, 256 F.3d at 629-30.

Undaunted, the Krzalics point to a passage within the Echevarria opinion implying that the Court of Appeals would overrule its prior position on the proper interpretation of § 8(b) if HUD made a formal commitment to an opposing position." 256 F.3d at 630. The Krzalics insist that a policy statement issued by HUD in October 2001 fits this bill, apparently because the statement directly references Echevarria and expresses the Secretary's differing interpretation of that section and Regulation X. 66 Fed. Reg. 53052-01.

The argument the Krzalics advance rests on a faulty premise. They imply that the Secretary's specific and strong disagreement with Echevarria and the Seventh Circuit's interpretation of § 8(b) and Regulation X is the formal commitment that the Court found lacking in Echevarria. The operative word in the applicable passage, however, is "formal," not "commitment." As the Supreme Court reminded in Christensen v. Harris Cty., policy statements issued by an agency, while entitled to respect, do not have the force of law because they are not subjected to the notice and comment requirements for formal rulemaking. 120 S.Ct. 1655, 1662-63 (2000). Indeed, prior to Echevarria, HUD had issued policy statements stating, albeit in less

forceful and direct language, the very position that the Krzalics take in this case. Those statements failed to persuade the <u>Echevarria</u> court that the previous stance must be altered, and this new statement likewise does nothing to change the legal landscape for cases such as this within our Circuit. Accordingly, we conclude that <u>Echevarria</u> still provides the controlling law for actions that do not involve an unearned fee split by two or more parties. The Krzalics have alleged a situation identical to that held insufficient to support a claim for relief in that case; Count I therefore cannot survive Republic's 12(b)(6) challenge.

The remaining two counts rest solely on state law. Although the Krzalics contend that we should retain jurisdiction over these claims even in the face of the dismissal of Count I, we are unpersuaded that that is the proper course of action. Accordingly, Republic's 12(b)(1) motion to dismiss Counts II and III is granted.

## CONCLUSION

Based on the foregoing analysis, we dismiss the complaint in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _____May 16, 2002_____